**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROSA RAMIREZ, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 13-cv-6501 |
| v. | ) ) | |
| | ) | Judge Lee |
| STAFFING NETWORK HOLDING, LLC d/b/a STAFFING NETWORK and PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO COMPLETE CLASS**
**DISCOVERY[1]**

Plaintiff, through her attorneys, requests that this Court extend the deadline to complete

class discovery by 45 days, or through June 27, 2014. In support of this Motion, Plaintiff states

the following:

1.     Plaintiff has brought this Class Action lawsuit against Defendants Staffing

Network Holding LLC, (hereafter "Staffing Network")  and Phillips Electronics North America

Corporation (hereafter "Phillips"), alleging multiple violations of federal and Illinois wage and

hour laws, including the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois

Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"),and the Illinois Wage Payment and

Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), as well as multiple notice requirements

under the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq.* ("IDTLSA").

Defendant Staffing Network is a temporary staffing agency that provides hundreds of laborers to

---

[1] Pursuant to this Court's standing order on Motion Practice, Counsel for Plaintiffs held a 37.2 discussion with
Counsel for Staffing Network Holding, LLC., and Counsel for Phillips North America Corporation in an attempt to
file this Motion as agreed or uncontested.  Defendants oppose this Motion even if no responsive pleading is filed by
them.

perform work for Staffing Network's client company, Phillips. As Plaintiff has pled in her Complaint, Defendant Phillips is liable as a "third party client company" for the wage violations, arising under the IMWL and IWPCA allegedly committed by Defendant Staffing Network against Plaintiff and the Class pursuant to section 85 of the IDTLSA. Additionally, Plaintiff has pled that Phillips is also liable for the alleged wage and hour violations as a joint employer in relation to Plaintiff and the Class.

2.      On December 11, 2013, this Court set May 13, 2014 as the deadline by which to complete Class discovery.  Plaintiff promptly proceeded to propound her first set of discovery requests upon Defendants in early January.

3.      Some of Defendants' responses are outstanding or have been recently produced, but Plaintiff is currently engaging Defendants in 37.2 efforts to resolve discovery disputes between the Parties and obtain responsive documents.

4.      Defendant Phillips served its answers to Plaintiff's discovery requests on Friday March 7th, 2014.

5.      Defendant Phillips withheld document production relying on various privileges, and also by arguing that producing documents before this Court had issued an Order on Phillips' Motion to Dismiss would be premature. *See* Docket Entry #88, Phillips' Motion to Dismiss Counts VII and VIII of Plaintiffs' Complaint.

6.      In its answers to some of Plaintiff's Interrogatories, however, Defendant Phillips revealed its relationship with a third party called Pontoon Solutions, Inc., (hereinafter "Pontoon").  Based on Defendant Phillips' description of its relationship with Pontoon, Pontoon is likely a proper Defendant in this litigation.

7.      According to Defendant Phillips, Phillips does not have a contractual relationship

with Defendant Staffing Network. Rather, Phillips and Staffing Network both have a contractual relationship with Defendant Pontoon. Furthermore, Defendant Phillips stated in its answers to Plaintiff's interrogatories that it does not maintain records of time worked by Defendant Staffing Network laborers performing work at Phillips. Rather, those records, Phillips stated, are maintained by Pontoon.

8.      Defendant Staffing Network for its part made no mention at all of Pontoon in either its 26(a)(1) initial disclosures or in its Answers to Plaintiff's Interrogatories.

9.      Based on Defendant Phillips' response to Plaintiff's interrogatories regarding Pontoon, and a review of Pontoon's website, Pontoon is likely either an agent of Defendant Phillips, or, possibly, a Staffing Agency that sub-contracted with Defendant Staffing Network[2]. It is clear, however, that this entity belongs in this litigation.

10.     It is also clear that Pontoon is in possession or control of highly relevant documents and information relating to Plaintiff's claims, including time records, work orders and relevant email communications. Plaintiff is just now, however, finding out about the relationship between this entity and Defendants and has yet to see any contracts between this entity and Defendants or any documents relating to this relationship.

11.     Prior to amending her Complaint to add Pontoon as a Defendant in this matter, Plaintiff needs additional time to perform discovery on the relationship between this entity and Defendants, including whether Pontoon is Phillips' agent, Phillips' Staffing agency, or both. Plaintiff seeks additional time to perform this discovery and Amend her Complaint accordingly.

12.     Additionally, Plaintiff is concerned that she will be prejudiced in attempting to complete all relevant discovery as to Pontoon and its relationship with Defendants within the

---

[2] Pontoon's old corporation name under the Illinois Secretary of State's website is ADECCO Solution, Inc. ADECCO is one of the largest temporary staffing agencies in the world, which implies that this entity may also be a temporary staffing agency under the IDTLSA.

next two months when the mere surface of this relationship has just now been revealed by Defendants, and when Plaintiff is currently engaged in 37.2 efforts to obtain responsive documents from Defendants.

13.     Accordingly, Plaintiff respectfully requests that this court extend the deadline to complete pre-class certification discovery by 45 days, or through June 27, 2014, so that plaintiff may investigate the relationship between Defendants and Pontoon, subpoena Pontoon to further investigate the nature of this relationship, and seek leave to amend her Complaint to add this party under the proper theory of liability.

WHEREFORE, for the above stated reasons, Plaintiff requests that her Motion to Extend the Deadline to Complete Class Discovery by 45 days, or Through June 27, 2014, be granted.


                                        Respectfully submitted,


Dated: March 20, 2014


                                        s/Alvar Ayala
                                        Alvar Ayala
                                        Christopher J. Williams
                                        Workers' Law Office, PC
                                        401 S. LaSalle Street, Suite 1400
                                        Chicago, Illinois 60605
                                        (312) 795-9121

                                        Attorney for Plaintiffs


4