**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROSA RAMIREZ, on behalf of herself and all other persons similarly situated, known and unknown, ) ) ) | |
| ) | DRAFT |
| Plaintiff, ) | |
| ) | Case No. 13 C 6501 |
| v. ) | |
| ) | Judge Lee |
| STAFFING NETWORK HOLDINGS, LLC d/b/a ) | |
| STAFFING NETWORK and PHILIPS ) | Magistrate Judge Valdez |
| ELECTRONICS NORTH AMERICA ) | |
| CORPORATION, and PONTOON SOLUTIONS, ) | |
| INC. ) | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement" or the "Agreement") is made and entered into by and between Plaintiff Rosa Ramirez ("Plaintiff"), on behalf of herself and other similarly situated persons (the "Settlement Class") and Defendants Staffing Network Holdings, LLC d/b/a Staffing Network (hereinafter "Staffing Network"), Philips Electronics North America Corporation (hereinafter "Philips"), and Pontoon Solutions, Inc. (hereinafter "Pontoon") as well as their former and current directors, officers, and agents, not otherwise individually named as Defendants, employees, attorneys, predecessors, successors, and subsidiaries (collectively, "Defendants"). This Agreement shall be binding on: (1) the Plaintiff and the Settlement Class and (2) Defendants and their present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, successors, and assigns, subject to the terms and conditions hereof and the approval of the Court. The Agreement encompasses all claims of all the Parties, with the exception of indemnification claims between and among Defendants, which are addressed in a separate agreement.

# SECTION I

# RECITALS

1.     On September 11, 2013, Rosa Ramirez, on behalf of herself and other similarly situated persons, filed a Complaint in the United States District Court for the Northern District of Illinois, alleging violations of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), and the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1, *et seq.* ("IDTLSA") (hereafter the "Lawsuit").

2.     Plaintiff filed a First Amended Complaint on April 1, 2014. During the litigation, the Defendants claimed a right to indemnification between and among themselves, but no formal legal claims were filed in the Litigation for such claims.

3.     On July 22, 2014, the Court granted Plaintiff's joint motion to stay all discovery, deadlines, and activity in the Lawsuit for purposes of allowing the Parties to engage in settlement discussions. The Court extended the stay on all discovery on October 1, 2014.

4.     Defendants deny any liability or wrongdoing of any kind whatsoever associated with the claims alleged by the Plaintiff. Specifically, Defendants deny that their pay or employment practices failed to comply with the IWPCA, FLSA, IMWL, IDTLSA, or any other federal or state law. Defendants also deny that litigation of the Lawsuit as a class action is appropriate, and reserve the right to argue that this Lawsuit should not be certified as a class action in the event this settlement is not approved. Further, Defendants deny any claim of indemnification asserted by and among the Defendants as to each other.

5.     Counsel for the Parties have vigorously pursued their positions and the rights of their clients through extended legal and factual analysis, discovery, and exchanges of information over a one-year period.

6.      In light of the discovery conducted to date, the time and expense associated with the future discovery, as well as the challenges and risks associated with a trial of this matter, the Parties to the Lawsuit elected to engage in settlement discussion.

7.      The Parties reached the Settlement terms set forth in this Agreement.

8.      Plaintiff, Defendants, and their respective counsel believe it is in their best interests to resolve this matter at this time.

9.      Plaintiff's Counsel, acting on behalf of the Settlement Class, wishes to resolve this matter in a fair and cost-effective method that benefits the Class without the expense, delay, diversion, and risk of protracted and complex litigation.

10.     Defendants and their counsel also wish to avoid the expense, burden, diversion and risk of protracted litigation and wish to resolve this matter.

11.     Should the Settlement Agreement not become final for any reason, nothing from the settlement process, including documents created or obtained from the settlement process and settlement administration, shall be admissible evidence in this action or used in any way contrary to Defendants' interests or Plaintiff's interests and the Settlement Class's interests. Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to any Party.

12.     This Settlement Agreement contains all of the agreements between Plaintiff, Defendants, and their respective counsel relating to this settlement of the Lawsuit. There are no undisclosed side agreements between the Parties or their counsel, and the Parties agree to comply with, and will ensure that they are all in compliance with, the Class Action Fairness Act of 2005. At all times, the negotiations leading to the Settlement Agreement were adversarial, non-collusive, and

at arm's-length. Notwithstanding the foregoing or anything to the contrary herein, Defendants have memorialized their agreement concerning the indemnification-related disputes between and among them in a separate agreement.

## SECTION II

## DEFINITIONS

13.     "Administration Costs" means the costs associated with administering the Settlement Amount, including the fees and costs of the Claims Administrator.

14.     "Claim" means a properly completed, and timely submitted Claim Form from a Class Member to the Claims Administrator.

15.     "Claims Administrator" means the person or persons charged with administering the Settlement Agreement, in concert with the Parties and their counsel. The Parties have selected Settlement Services, Inc. ("SSI") to act as the Claims Administrator.

16.     "Claim Form" means the form, attached hereto as Exhibit B, approved by the Court, by which a Settlement Class Member may submit a Claim to the Claims Administrator. The Form shall be mailed via first class U.S. mail to the last known address of each Settlement Class Member by the Claims Administrator.

17.     "Claimant" means a Settlement Class Member who submits a materially complete and timely Claim Form. Plaintiff is deemed to be a Claimant and need not file a Claim Form.

18.     "Claim Deadline" means the date sixty (60) calendar days after the mailing date of the Settlement Class Notice, and shall be the last date by which any of the following must be postmarked in order to be timely and effective: (a) Claim Form; (b) Request for Exclusion; and (c) written objection to the Settlement.

19.     "Class Representative" means Plaintiff Rosa Ramirez.

20.     "Class Settlement Fund" means the Settlement Amount minus: (a) the General Release and Service Payments; (b) attorneys' fees and costs awarded to Settlement Class Counsel; (c) Administration Costs, and (d) the employer's portion of State and Federal payroll taxes.

21.     "Class Period" means the period from September 11, 2010 to September 11, 2013.

22.     "Court" refers to the Court having jurisdiction over the Lawsuit, namely, the United States District Court for the Northern District of Illinois, Eastern Division.

23.     "Database" means the digital data, provided by Staffing Network in a form usable by commercially available database software, like Microsoft Access or Excel, containing the following information with respect to each Settlement Class Member: (1) his or her name; (2) last-known home address; (3) payroll information; and (4) social security number.

24.     "Defendants" means Staffing Network Holding LLC, Philips Electronics North America Corporation, and Pontoon Solutions, Inc., including their present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, benefit plans, successors and assigns.

25.     "Effective Date" means either: (1) if no appeal has been filed, the first business day after the last day of the period for appeal of the Final Judgment, or (2) if an appeal has been filed, the date on which the appeal is final. Notwithstanding the foregoing, where the Final Judgment entered by the Court grants full relief sought by the Parties in the absence of any objection, the Effective Date shall be the date of the Final Judgment.

26.     "Final Approval Hearing" means the hearing on Plaintiff's Motion for Final Approval of the Settlement.

27.     "Final Judgment" means the order entered by the Court at the Final Approval Hearing. The Parties shall submit a proposed order of Final Judgment setting forth the terms of this

Settlement Agreement, by incorporation or otherwise, for execution and entry by the Court at the time of the Final Approval Hearing or at such other time as the Court deems appropriate.

28.     "Final Settlement Class" refers to all Settlement Class Members who do not timely and validly exclude themselves from the Settlement consistent with the exclusion procedures set forth in this Settlement Agreement.

29.     "General Release Payment to Plaintiff" refers to a total payment from the Settlement Amount of Twelve Thousand Dollars and No Cents ($12,000.00) to Plaintiff, for executing a general release of all claims as specified in paragraph 86 below.

30.     "Notice Packet" means the collection of documents that will be sent by first class mail to each Settlement Class Member, consisting of the short-form notice in Spanish and English, the Claim Form, and a stamped envelope addressed to the Claims Administrator.

31.     "Opt-Out" is a Settlement Class Member who has timely filed a Request for Exclusion using the process specified in the Agreement.

32.     "Opt-Out Period" refers to the period during which Settlement Class Members may exclude themselves from the Settlement, and coincides with the Claim Deadline.

33.     "Parties" refers to the Plaintiff, the Settlement Class Members, and Defendants, and in the singular refers to any of them, as the context makes apparent.

34.     "Plaintiff" means Rosa Ramirez.

35.     "Preliminary Approval Date" is the date on which the Court issues the Preliminary Approval Order.

36.     "Preliminary Approval Order" means the Order of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure granting preliminary approval of this Settlement Agreement, or

as may be modified by subsequent mutual agreement of the Parties in writing and approved by the Court.

37. "Released Claims" means all claims raised in the Lawsuit under the IMWL/IWPCA/ FLSA/IDTLSA for uncompensated minimum wage and overtime pay and all notice and timekeeping violations arising under the IDTLSA, and for any liquidated damages, punitive damages, penalties of any nature, and attorneys' fees and costs arising under these claims for the period from September 11, 2003 through the preliminary approval date arising from Class Members' assignment to the Philips facility located in Roselle, Illinois.

38. "Released Parties" means Staffing Network Holding LLC, Philips Electronics North America Corporation, and Pontoon Solutions, Inc., as well as their former and present officers, directors, agents, employees, attorneys, insurers, benefit plans, predecessors, successors, parents, subsidiaries and all subsidiaries of Adecco, Inc.

39. "Request for Exclusion" means a letter timely submitted pursuant to the provisions of the Settlement Agreement, which states: "I request to be excluded from the settlement in *Ramirez, et al. vs. Staffing Network, et al.,* Case No. 13-CV-6501 (USDC Northern District of Illinois, Eastern Division). I affirm that I was a temporary employee of Staffing Network in Illinois at some point in time between September 11, 2010 through September 11, 2013, and during that time period was assigned to work at Philips' facility located in Roselle, Illinois.

40. "Service Payment to Plaintiff" refers to a total payment from the Settlement Amount of Two Thousand Dollars and No Cents ($2,000.00) to Plaintiff for her service to the Class litigating this matter and assisting with its settlement. Such Service Payment to Plaintiff shall be subject to Court approval.

41.     "Settlement Account" means the interest-bearing account controlled by the Claims Administrator at a federally-insured bank that is mutually acceptable to the Parties and the Claims Administrator into which the Settlement Amount shall be deposited. In the event that the Court does not enter a Final Judgment, all Settlement Funds deposited into the Settlement Account shall be returned to Defendants plus any earned interest, less any Administration Costs expended up to that point. No other funds shall be comingled within the Settlement Account.

42.     "Settlement Agreement" or "Agreement" means this Class Action Settlement Agreement.

43.     "Settlement Amount" is Two Hundred and Fifty Thousand Dollars and No Cents ($250,000.00), which is the maximum total amount that Defendants shall pay under the terms of this Settlement Agreement, and from which all payments contemplated by this Agreement shall be made. Defendants shall be joint and severally liable and responsible for the Settlement Amount of $250,000.00, and for depositing the Settlement Amount into the Settlement Account.

44.     "Settlement Class" means Plaintiff and all hourly laborers who were employed by Staffing Network in Illinois as temporary employees who were assigned to and performed work at the Philips Electronics facility located in Roselle, Illinois between September 11, 2010 and September 11, 2013, as identified in Exhibit A, which consists of 2,931 individuals, except those individuals who submit a valid Request for Exclusion (referred to individually as "Settlement Class Members").

45.     "Settlement Class Counsel" refers to Christopher J. Williams and Alvar Ayala of the Workers' Law Office, P.C.

46.     "Settlement Class Notice" refers to three documents, including: (1) a short-form notice, which will be sent by first class U.S. mail to the Settlement Class Members in both English and Spanish to inform them of the terms of this Settlement Agreement and their rights and options

related thereto, which is attached hereto as Exhibit C; and (2) a long-form Notice of Class Action Settlement, which will be mailed to Settlement Class Members via first class U.S. mail upon request and is attached hereto as Exhibit D.

47.     "Settlement Payment" means a Claimant's portion of the payment from the Class Settlement Fund to which that Claimant is entitled pursuant to the Settlement Agreement. Settlement Payments shall be made pursuant to the formulae set forth in Paragraph 57 below.

## SECTION III

## CERTIFICATION OF THE SETTLEMENT CLASS
## FOR SETTLEMENT PURPOSES ONLY

48.     For settlement purposes only, the Parties agree that one class shall be certified as follows: Plaintiff and "all hourly laborers who were employed by Staffing Network in Illinois as temporary employees who were assigned to work at the Philips Electronics facility located in Roselle, Illinois between September 11, 2010 and September 11, 2013." Settlement Class Members are identified in Exhibit A hereto, and shall control to identify all Settlement Class Members.

49.     The Settlement Agreement is contingent upon the approval and certification by the Court of the Settlement Class for settlement purposes only under Rule 23 of the Federal Rules of Civil Procedure. Defendants do not waive, and instead expressly reserve their rights to challenge the propriety of class certification for any purpose as if this Settlement Agreement had not been entered into by the Parties should the Court not finally approve the Settlement Agreement by entering a Final Judgment.  The Parties shall cooperate and present to the Court for its consideration in connection with the proposed certification of the Settlement Class competent evidence, as may be requested by the Court, under the applicable due process requirements and standards for class action certification under Rule 23 of the Federal Rules of Civil Procedure.

## SECTION IV

## SETTLEMENT APPROVAL PROCEDURE

50.     This Agreement will become final and effective only upon the occurrence of all of the following events: (a) the Agreement is executed by Settlement Class Counsel and Defendants' Counsel (identified in the signature blocks at the end of this Agreement); (b) the Court enters an order granting preliminary approval of the material terms of the Settlement under Rule 23 of the Federal Rules of Civil Procedure, including (i) certification of the Class for settlement purposes only; (ii) appointment of Settlement Class Counsel; (iii) appointment of Plaintiff as Class Representative for the Settlement Class; and (iv) appointment of the Claims Administrator; (c) the Court enters, without material change, the Preliminary Approval Order attached as Exhibit F; (d) the Notice Packet is sent to the Settlement Class Members; (e) Settlement Class Members are afforded the opportunity to exclude themselves from the Settlement by submission of a Request for Exclusion or to file written objections; and (g) the Court holds the Final Approval Hearing, approves the settlement, and enters Final Judgment.

## SECTION V

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

51.     As soon as is practicable and without undue delay, the Parties shall submit this Settlement Agreement to the Court for preliminary approval. Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an order substantially in the following form:

    a.    Preliminarily approving the Settlement Agreement, subject only to the objections of Settlement Class Members and final review by the Court;

    b.    Certifying the Settlement Class for settlement purposes only, appointing Settlement Class Counsel, appointing Plaintiff as Class Representative for the Settlement Class and appointing the Claims Administrator;

      c.        Approving as to form and content the Notice Packet;

      d.        Directing the mailing of the Notice Packet by first class U.S. mail to Settlement Class Members;

      e.        Scheduling a final hearing on the question of whether the proposed settlement, including without limitation payment of attorneys' fees, costs, and the General Release and Service Payments should be finally approved as fair and reasonable;

      f.        Enjoining Settlement Class Members from filing or prosecuting any claims, suits or administrative proceedings pursuing claims released by the Settlement Agreement unless and until such Settlement Class Members have filed valid Requests for Exclusions with the Claims Administrator and the time for filing claims with the Claims Administrator has elapsed.

## SECTION VI

## SETTLEMENT AMOUNT AND ALLOCATION

52.      A Settlement Payment shall be made to each Claimant. The Claims Administrator shall calculate the estimated monetary amount due to each Claimant pursuant to the formulae set forth in this Settlement Agreement.

53.      The Claims Administrator shall report to Settlement Class Counsel and Defendants' Counsel the total number of materially complete and timely Claim Forms received from Claimants.

54.      No later than fourteen (14) calendar days after the Court enters the Preliminary Approval Order, Defendants shall transmit their respective contributions towards the Settlement Amount by wire transfer (or other appropriate means) to the Claims Administrator for deposit into the Settlement Account. If the Court decides not to enter a Final Approval Order and Judgment for any reason, then the entire amount in the Settlement Account, including any interest earned on that amount, will be returned to Defendants, less any Administration Costs expended up to that point. No other funds shall be added to or comingled with the Settlement Account. In no event shall the Claims Administrator withdraw, transfer, pledge, impair or otherwise make use of the

funds in the Settlement Account except as expressly provided in this Settlement Agreement. The Parties agree that the Settlement Account is intended to be a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1, 26 C.F.R. § 1.468B-1, *et seq.,* and will be administered by the Claims Administrator as such. All interest accruing thereon shall become part of the Settlement Amount.

55.     With respect to the Settlement Account, the Claims Administrator shall: (1) open and administer the Settlement Account in such a manner as to qualify and maintain the qualification of the Settlement Account as a "Qualified Settlement Fund" under Section 468B of the Code and Treas. Reg. § 1.468B-1; (2) calculate, withhold, remit and report each Claimant's and Employer's share of applicable payroll taxes in connection with the Settlement Payments; (3) satisfy all tax reporting, return and filing requirements with respect to the Settlement Account and any interest or other income earned by the Settlement Account; and (4) satisfy out of the Settlement Account all taxes (including any estimated taxes, interest or penalties) with respect to the interest or other income earned by the Settlement Account. Fees, expenses and costs incurred in connection with the opening and administration of the Settlement Account shall be treated as Administration Costs. The Parties and the Claims Administrator shall elect to treat the Settlement Account as coming into existence as a Qualified Settlement Fund on the earliest date set forth in 26 C.F.R. § 1.468B-1(j)(2)(i), and such election statement shall be attached to the appropriate returns as required by 26 C.F.R. § 1.468B-1(j)(2)(ii). The Parties agree to cooperate with the Claims Administrator and one another as necessary to effectuate the terms of this Settlement Agreement.

56.     The Settlement Account shall be used to pay:

      a.     Court-approved Settlement Payments of the Claimants;

b.     The attorneys' fees, costs, and litigation expenses of Class Counsel, as awarded by the Court;

c.     The General Release and Service Payments, as awarded by the Court;

d.     The Administration Costs;

e.     Employer's share of payroll taxes for the Claimants; and

f.     Any other additional expenses incurred in connection with the administration of this Settlement Agreement.

57.     The Parties agree that the Settlement Payments will be distributed through a claims made process based on the formulae described below. Each Claimant shall receive a Settlement Payment from the Class Settlement Fund based on the following formulae:

a.     For Claimants who self-identify as Settlement Class Members who regularly took transportation provided by Staffing Network to Philips:

i.     Individual Settlement Payment = (Total Shifts * 30 minutes * $8.25) + (Total Shifts * 15 minutes * $8.25)

b.     For Claimants who self-identify as Settlement Class Members who regularly used alternative means of transportation to Philips:

i.     Individual Settlement Payment = Total Shifts * 15 minutes * $8.25

c.     The variable "Total Shifts" will be calculated as follows for each Settlement Class Member

i.     Total Shifts = total hours worked at Philips / 8

d.     In no event shall Defendants be required to pay more than the amount contributed to the Settlement Amount. If the aggregate of the Individual Settlement Payments paid to all Claimants plus the applicable employment payroll taxes and insurance amounts is above the amount contributed to the Class Settlement Fund, then all claims will be reduced by an appropriate percentage to bring the aggregate down to the amount attributed to the Class Settlement Fund. Each Claimant's individual Settlement Payment shall be ratably reduced as follows:

i.     Adjusted Settlement Payment = (Individual Settlement Payment / Sum Individual Settlement Payments) * Class Settlement Fund.

e.     In the event that a remainder of the Class Settlement Fund exists after the Claims Administrator calculates all Settlement Payments, such funds shall be distributed

to all Claimants on a pro rata basis. Each Claimant's individual Settlement Payment shall be ratably increased as follows

    i.    Adjusted Settlement Payment = Individual Settlement Payment + [(Individual Settlement / Sum Individual Settlement Payments) * Remainder.]

    f.    The Parties agree that 50% of Settlement Payments from the Class Settlement Fund will be considered wages and will be reported as such on an IRS Form W-2 and that the remainder of the payments from that fund will be considered penalties and interest. Appropriate withholding of federal, state, and local income taxes, and the Plaintiff's share of Federal Insurance Contributions Act (FICA) taxes shall be deducted from the respective Settlement Payments and reported in the above referenced W-2 Form.

58.    Within seven (7) days after the Claims Administrator provides the final list of claims to Class Counsel and Defendants' Counsel, the Claims Administrator shall calculate the final Settlement Payments to be made to each Claimant pursuant to paragraph 57 and shall provide said calculations to Settlement Class Counsel and Defendants' Counsel who will then have seven (7) days to confirm the accuracy of the calculations.

59.    For income and payroll tax purposes, the Parties agree that fifty percent (50%) of each Claimant's Settlement Payment (or Adjusted Settlement Payment) shall be allocated as wages (which shall be subject to required withholdings and deductions and reported as wage income as required by law), and the remaining portion of each Settlement Payment shall be allocated as penalties, interest and other non-wage recovery (which shall not be subject to required withholdings and deductions and shall be reported as non-wage income when required by law). Other than the withholding and reporting requirements herein, Claimants shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on payments received pursuant to this Settlement.

60.    To the extent permitted by law, in no event shall any Settlement Payment to a Claimant or any General Release and Service Payment create any credit or otherwise affect the calculation

of or eligibility for any compensation, bonus, deferred compensation or benefit under any compensation, deferred compensation, pension or other benefit plan, nor shall any such Settlement Payment or General Release and Service Payment be considered as "compensation" under any pension, retirement, profit sharing, incentive or deferred compensation benefit or plan, nor shall any such payment or award require any contribution or award under any such plan, or otherwise modify any benefits, contributions or coverage under any other employment compensation or benefit plan or program.

## SECTION VII

## CLAIMS PROCEDURE

61.     No later than fourteen (14) calendar days following the Preliminary Approval Date, Defendant Staffing Network will provide the Database to the Claims Administrator. The Claims Administrator will keep this data confidential and use it only for purposes of performing its duties to the Settlement Class. The Database will be true and correct to the best of Defendant Staffing Network's knowledge.

62.     No later than fourteen (14) calendar days following receipt of the Database from Defendant Staffing Network, the Claims Administrator shall mail to each Settlement Class Member the Notice Packet at that person's last-known address. This mailing shall be made via first class mail through the U.S. Postal Service, postage pre-paid ("First Mailing"). Prior to the mailing, the Claims Administrator shall run the addresses through the U.S. Postal Service's National Change of Address database and update the Database as necessary.

63.     The Claims Administrator shall promptly conduct a second mailing for any Settlement Class Member whose Notice Packet is returned as undelivered and for whom a new address is obtained ("Second Mailing"). Prior to the Second Mailing, the Claims Administrator shall determine the "best address" for the Settlement Class Member which shall be the forwarding

address provided by the United States Postal Service on any Notice Packet returned as undeliverable. If after this Second Mailing the Notice Packet is again returned as undelivered, and if no other forwarding address is available, the noticed mailing process shall end for that Settlement Class Member, who will be deemed not to have opted out of the Settlement and who shall be bound by this Agreement.

64.     To receive a payment under this Settlement, Plaintiff need not submit a Claim Form. The Parties deem Plaintiff to be a Claimant, and she shall receive her Settlement Payment, along with any General Release and Service Payments awarded by the Court, without submission of a Claim Form to the Claims Administrator.

65.     To receive a Settlement Payment, all other Settlement Class Members must submit a materially complete and timely Claim Form to the Claims Administrator no later than the Claim Deadline, the date sixty (60) calendar days following the date of mailing of the Notice of Class Action Settlement. Unless a Notice Packet is returned to the Claims Administrator by the U.S. Postal Service as undeliverable, each Notice shall be deemed mailed and received by the Settlement Class Member to whom it was sent five (5) days after mailing.

66.     The date of submission of a Claim Form to the Claims Administrator is deemed to be the earlier of: (a) the date the Claim Form is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark; (b) the date the Claim Form is tendered to an overnight service for delivery, as indicated by a shipping envelope; or (c) the date of receipt by the Claims Administrator of the Claim Form. The Claims Administrator shall review each Claim Form for timeliness and material completeness. In the event a Claim Form is timely but is not materially complete, the Claims Administrator shall immediately notify the Claimant, via U.S. mail, about the deficiency. The Claimant shall have fourteen days (14) days following the date of mailing of

the deficiency notice to cure the deficiency and resubmit the Claim Form. Defendants may, in their sole discretion, choose to honor any late but otherwise valid Claim Form returned by any Settlement Class Member within ninety (21) days after the Claim Deadline, in which case such Settlement Class Members will be deemed to have timely submitted the Claim Form for purposes of this Agreement. Absent Defendants' consent, however, any Settlement Class Member who fails to return the properly executed Claim Form by the Claim Deadline will not be eligible to receive any Settlement Payment. The Claims Administrator shall promptly notify the Parties of any dispute about the validity of a Claim Form. If any dispute about the validity of any Claim Form arises, the Parties shall meet and confer in good faith in an attempt to resolve the dispute. Any disputes that cannot be resolved by the Parties shall be submitted to the Court for a final determination.

67.     The Claims Administrator shall be bound by the terms of this Settlement Agreement. In the event that an issue arises that the Claims Administrator must resolve that is not specifically addressed in the Agreement or is ambiguously addressed, the Claims Administrator shall report to the Parties for guidance.

68.     Only Claimants may object to the Settlement Agreement. To object to the Agreement, the Claimant must send a written objection to the Claims Administrator, with copies to Settlement Class Counsel and Defendants' Counsel, no later than the Claim Deadline. The objection must set forth any legal and factual arguments supporting the objection.

69.     The Claims Administrator shall promptly notify and send a copy of the objection to both counsel for Defendants and Settlement Class Counsel, and shall provide Settlement Class Counsel with objecting Claimant's last known telephone number as reflected on the Claim Form.

70.     For a Settlement Class Member to exclude himself or herself from the Settlement, he or she must write and submit a letter ("Request for Exclusion") that states: "I request to be excluded from the settlement in *Ramirez v. Staffing Network, et al.,* Case No. 13-CV-6501. I affirm that I was a temporary employee of Staffing Network in Illinois at some point in time between September 11, 2010 through September 11, 2013, and during that time period was assigned to work at Philips' facility located in Roselle, Illinois." The Settlement Class Member must also include his or her full name, address, and telephone number, and they must personally sign the letter. All Requests for Exclusion must be submitted by the Claim Deadline. No Settlement Class Member may exclude him or herself by telephone, fax or e-mail. The date of submission is deemed to be the earlier of: (a) the date the form is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark; or (b) the date the form is received by the Claims Administrator. Any Settlement Class Member who submits a timely and valid Request for Exclusion Form shall NOT: (i) be bound by any orders or judgments entered in this Lawsuit; (ii) be entitled to benefits or relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; and (iv) be entitled to object to the Settlement or appeal from any order of the Court. Upon receipt of a Request for Exclusion, the Claims Administrator shall promptly notify and send a copy of the Request for Exclusion to both counsel for Defendants and Settlement Class Counsel, and shall provide Settlement Class Counsel with such Settlement Class member's last known telephone number as reflected in the Request for Exclusion. If a fully completed and properly executed Request for Exclusion is not timely received by the Claims Administrator from a Claimant, then that Claimant will be deemed to have forever waived his or her right to opt out of the Settlement Class. If a Claimant submits both a timely Claim Form and a timely Request for Exclusion, the Claims Administrator shall promptly notify

and send copies of the Claim Form and the Request for Exclusion to both counsel for Defendants and Settlement Class Counsel, shall provide Settlement Class Counsel with such Claimant's last known telephone number as reflected on the Claim Form or in the Request for Exclusion, and will attempt to contact that individual to ascertain his or her intent. If those efforts are unsuccessful, whichever document was mailed later will govern, and if both documents were mailed simultaneously, or the sequence of mailings cannot be determined, then the Claim Form shall govern.

71.     No later than fourteen (14) calendar days following the Claim Deadline, the Claims Administrator shall prepare and tender a report to Settlement Class Counsel and Defendants' Counsel containing the following information: (1) the name of each Claimant; (2) the name, last-known address, and last-known telephone number of each Settlement Class Member who submitted a valid Request for Exclusion ("Report"); and (3) the Settlement Payment for each Claimant.

72.     Within seven calendar (7) days after the Claims Administrator provides the final list of claims to Settlement Class Counsel and Defendants' Counsel, the Claims Administrator shall calculate the final payments to be made to each Claimant pursuant to paragraph 57 and shall provide said calculations to Settlement Class Counsel Defendants' Counsel who will then have seven (7) calendar days to confirm the accuracy of the calculations.

73.     No later than twenty one (21) calendar days after the Claim Deadline, or by such other date as the Court may direct: (1) Settlement Class Counsel shall file and serve a motion for final approval of the Settlement; and (2) a proposed order granting final approval of the Settlement, along with a proposed judgment that conforms with Fed. R. Civ. P. 58.

74.     No later than fourteen (14) calendar days following the Effective Date, the Claims Administrator shall mail to each Claimant, at his or her last-known address as reflected in the Report, a check representing the net Settlement Payment listed in the Report. In the event that any Settlement Payment check is returned to the Claims Administrator as undeliverable, the Claims Administrator will use reasonable efforts to locate a current address for the Settlement Class Member and, if a current address is found, re-mail the check.

75.     The Claims Administrator shall be responsible for deducting and withholding the employee's share of all required income, payroll and other taxes, and for deducting, withholding and remitting all necessary taxes and withholdings to the appropriate governmental agencies. The Claims Administrator shall also be responsible for determining Defendants' share of payroll taxes on Settlement Payments to Settlement Class Members, and for remitting from the Settlement Account and reporting the applicable portions of Defendants' payroll tax payment to the appropriate taxing authorities on a timely basis.

76.     Settlement Payment checks will become void if not negotiated within ninety (90) calendar days of the date of issue. When un-negotiated checks become void, the amounts of the un-negotiated checks will revert to the Defendants, with a pro rata share going to Defendants, equivalent to the pro rata share each Defendant paid into the Class Settlement Fund. The Claims Administrator will return these funds to Defendants as soon as practicable following the date the un-negotiated Settlement Payment checks become void, but at the latest, no later than sixty (60) calendar days following the date when the un-negotiated checks become void.

77.     Pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. §1715, Defendants will notify the appropriate governmental authorities, including, but not limited to, the

attorneys general of the United States and Illinois. Defendants also agree to provide documents and information to the appropriate governmental authorities pursuant to Section 1715.

## SECTION VIII

## GENERAL RELEASE AND SERVICE PAYMENTS

78. Settlement Class Counsel will move for General Release and Service Payments to the Plaintiff, in the amounts of Twelve Thousand Dollars ($12,000.00) and Two Thousand Dollars ($2,000.00), respectively, to be paid from the Settlement Account.

79. No later than seven (7) calendar days following the Effective Date, the Claims Administrator shall pay the Plaintiff the General Release and Service Payments, as ordered by the Court. The Parties agree that the General Release and Service Payments are in addition to Plaintiff's Settlement Payment to which she is entitled along with other Claimants. The Claims Administrator shall report the General Release and Service Payment as non-wage income on an IRS Form 1099 as mandated by the Internal Revenue Service. Other than any reporting of these payments as required by this Settlement Agreement or law, which the Claims Administrator shall make, the Plaintiff receiving General Release and Service Payments shall be solely responsible for the reporting and payment of any federal, state and/or local income or other form of tax on any payment made pursuant to this Section. Any amounts not awarded by the Court shall be distributed pursuant to the terms of this Agreement.

## SECTION IX

## CLAIMS ADMINISTRATOR

80. The Parties agree that Settlement Services Inc., shall serve as the Claims Administrator. The Claims Administrator will be responsible for mailing the Notice Packets; receiving and logging the Claim Forms and Requests for Exclusion; updating addresses; reporting on the status of the administration of the Settlement to the Parties; resolving any claims dispute, in concert

with the counsel for the Parties; preparing a declaration regarding its due diligence in the claims administration process; providing the Parties with all necessary data; setting up, administering and making payments from the Settlement Account; distributing Settlement Payments and withholding therefrom the Claimants' share of payroll taxes, and remitting such funds to the appropriate taxing authorities, along with any associated tax reporting, return and filing requirements; determining the Defendants' share of payroll taxes on Settlement Payments to Claimants, and remitting from the Settlement Account and reporting the applicable portions of Defendants' payroll tax payment to the appropriate taxing authorities on a timely basis; providing copies of executed releases of the Plaintiff and any Claimants to counsel for Defendants; and performing such additional duties as the Parties may mutually direct. All disputes relating to the Claims Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement until all payments and obligations contemplated by this Settlement have been fully carried out.

81.     The Administration Costs will be paid by out of the Settlement Account, and shall include all costs, including the Claims Administrator's fees and costs, necessary to administer the Settlement Agreement, as defined above.

82.     The actions of the Claims Administrator shall be governed by the terms of the Settlement Agreement.  Settlement Class Counsel and Defendants' Counsel may provide relevant information and guidance as needed by the Claims Administrator in the performance of its duties, and engage in related communications with the Claims Administrator.

## SECTION X

## ATTORNEYS' FEES AND EXPENSES

83.     The Parties have agreed that Defendants shall have no obligation to pay attorneys' fees or costs incurred by the Plaintiffs, the Settlement Class, and/or Settlement Class Counsel beyond Defendants' respective contributions to the Settlement Amount as set forth herein.  Settlement Class Counsel agrees to seek, and Defendants agree (consistent with applicable precedent under Rule 23) not to contest, an award of attorneys' fees and costs to Settlement Class Counsel by the Court of no more than $83,333.33 or thirty three percent (33%) of the Settlement Amount for all attorneys' fees that have been expended and that will be expended and for all costs that have been incurred and that will be incurred seeing this matter through the Final Order and Effective Date, including but not limited to: (i) obtaining Preliminary Approval from the Court; (ii) responding to inquiries from Settlement Class Members regarding the Settlement; (iii) assisting Settlement Class Members; (iv) assisting in resolving any objections; (v) defending the Settlement and securing the Final Order, including the conduct of any appellate action. Defendants do not object to these attorneys' fees and their allocation to the extent permitted by law and applicable precedent.  Any failure by the Court to award the amount of attorneys' fees and costs requested by Settlement Class Counsel shall not constitute a basis to invalidate this Agreement.

84.     No later than ten (10) calendar days following the Effective Date, the Claims Administrator shall pay the attorneys' fees and costs award by the Court to Settlement Class Counsel.

85.     Plaintiff and Settlement Class Counsel understand and agree that any fee payments made under this Agreement will be the full, final, and complete payment of all attorneys' fees and costs arising from or relating to the representation of the Plaintiff, Settlement Class Members, Claimants, or any other attorneys' fees and costs associated with the investigation, discovery,

and/or prosecution of the Lawsuit. As an inducement to Defendants to enter into this Agreement, and as a material condition thereof, Plaintiff and Settlement Class Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge any claim they may have against Defendants for attorneys' fees or costs arising from or relating to the individuals and matters identified in this Agreement. As a further inducement to Defendants to enter into this Agreement, and as a material condition thereof, Plaintiff and Settlement Class Counsel further understand and agree that the fee and cost payments made pursuant to this Agreement will be the full, final, and complete payment of all attorneys' fees and costs that are released, acquitted, or discharged under this Agreement. As further inducement to Defendants to enter into this Agreement, and as a material condition thereof, Plaintiff and Settlement Class Counsel warrant and represent that they will not, nor will any of their employees, agents, or representatives of their firms, file any claims for attorneys' fees or costs, including, but not limited to, bills of costs or requests for attorneys' fees, for any fees and/or costs arising out of the Lawsuit, and Plaintiff and Settlement Class Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge Defendants and the other Released Parties of any liability for such fees and/or costs. Nothing in this Paragraph shall preclude Plaintiff from appealing the allocation of Settlement Class Counsel's fees, costs and/or Service Payment should the sum awarded by the Court fall below that requested.

## SECTION XI

## RELEASE BY PLAINTIFF

86. Plaintiff remises, releases and forever discharges all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted against the Released Parties, whether in tort, contract, or for violation of any state or federal statute, rule or regulation arising out of, relating to, or in

connection with any act or omission by or on the part of any of the Released Parties committed or omitted prior to the execution hereof with the sole exception of any claims which cannot be released as a matter of law ("General Release"). The General Release includes any unknown claims the Plaintiff does not know or suspect to exist in her favor at the time of the General Release, which, if known by her, might have affected her settlement with, and release of, the Released Parties by the Plaintiff or might have affected her decision not to object to this Settlement or the General Release. In exchange for providing this General Release, Defendants shall pay the Plaintiff her General Release Payment. Upon execution of her release, attached as Exhibit E, Settlement Class Counsel shall provide copies to counsel for Defendants within three (3) calendar days.

## SECTION XII

## RELEASE BY THE SETTLEMENT CLASS

86.     Upon Final Approval, the Settlement Class Members (excluding those who have filed a valid Request for Exclusion), including but not limited to the Claimants, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharge the Released Parties of all claims raised in the Lawsuit under the IMWL/IWPCA/FLSA/IDTLSA for uncompensated minimum wage and overtime pay and all notice and timekeeping violations arising under the IDTLSA, and for any liquidated damages, punitive damages, penalties of any nature, and attorneys' fees and costs arising under these claims for the period from September 11, 2003 through the preliminary approval date arising from Class Members' assignment to the Philips facility located in Roselle, Illinois.. This release shall become effective on the Effective Date.

## SECTION XIII

## PROSPECTIVE RELIEF

87.   The Parties agree that Defendants Philips will implement the following prospective relief

   a)   The term of any prospective relief shall be 3 years from the Effective Date.

   b)   The scope of the prospective relief as to Philips shall be limited to day or temporary laborers assigned to work at any Philips facility within the state of Illinois.

   c)   The Defendant Philips agrees to the following actions:

> Within thirty (30) days of the Court's final approval of this Settlement Agreement, Defendant Philips will ensure that all day or temporary laborers have electronic access to the information required to be included in the "Work Verification Form," as that term is defined by the IDTLSA. However, if the day or temporary laborers enter their own time, they will be responsible for doing so prior to electronically accessing this information (because their input of their time is the timekeeping protocol for such employees for payroll purposes). In the event a day or temporary laborer does not have electronic access to the information required to be included in the Work Verification Form, such day or temporary laborer will be provided a document containing such information upon request.

88.   The Parties agree that Defendant Pontoon will implement the following prospective

relief:

   a)   The term of any prospective relief shall be three (3) years from the Effective Date.

   b)   The scope of the prospective relief shall be limited to "day or temporary laborers" within the meaning of IDTLSA assigned to work at any client company in Illinois through Defendant Pontoon.

   c)   Defendant Pontoon agrees to the following actions:

> Within thirty (30) days of the Court's final approval of this Settlement Agreement, Defendant Pontoon will ensure that all day or temporary laborers have electronic access to the information required to be included in the "Work Verification Form," as that term is defined by the IDTLSA. However, if the day or temporary laborers enter their own time, they will be responsible for doing so prior to electronically accessing this information (because their input of their time is the timekeeping protocol for such employees for payroll purposes). In the event a day or temporary laborer does not have electronic access to the information required to be included in the Work Verification Form, such day or temporary laborer will be provided a document containing such information upon request.

## SECTION XIV

## NO ADMISSION OF LIABILITY

89.     This Agreement shall not in any way be construed as an admission by Defendants that

they have acted wrongfully with respect to Plaintiff or Settlement Class Members collectively or

individually or to any other person, or that those individuals have any rights whatsoever against

Defendants or the Released Parties, and each Defendant or Released Party specifically disclaims

any liability to or wrongful acts against the Plaintiff and Settlement Class Members or any other

person, on the part of Defendants, the Released Parties, and their predecessors, successors and

assigns, its current and former direct and indirect parents, affiliates, subsidiaries, divisions, and

related business entities, and their current and former officers, directors, shareholders,

employees, agents, and representatives.  Furthermore, the Parties agree that this Agreement does

not constitute an adjudication of the merits of the Lawsuit or any other matters released in this

Agreement.  Accordingly, the Parties agree that none of them have prevailed on the merits, nor

shall this Agreement serve or be construed as evidence that any Party has so prevailed or that

Defendants or the Released Parties have engaged in any wrongdoing.

90.     This Agreement is a settlement document and shall be inadmissible in evidence in any

proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## SECTION XV

## DUTIES OF THE PARTIES RELATED TO FINAL COURT APPROVAL

91.     No later than twenty one (21) calendar days after the Claim Deadline, or by such other

date as the Court may direct, Settlement Class Counsel shall submit a proposed final order and

judgment:

a.      Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and
        adequate, and directing consummation of its terms and provisions;

b.      Approving the Settlement Payments and General Release and Service Payments;

c.      Approving the Administration Costs, including the Claim Administrator's fee;

d.      Approving Settlement Class Counsel's attorneys' fees and costs;

e.      Dismissing this Lawsuit with prejudice and permanently barring and enjoining all Settlement Class Members (excluding those who have filed a valid Request for Exclusion) from filing or prosecuting against Defendants or the Released Parties, any individual or class or collective claims released herein, upon satisfaction of all payments and obligations hereunder.

## SECTION XVI

## PARTIES' AUTHORITY

92.      The signatories hereto hereby represent that they are fully authorized to enter into this Settlement and bind the Parties hereto to its terms and conditions.

## SECTION XVII

## MUTUAL FULL COOPERATION

93.      The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Settlement. The Parties to this Settlement shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement and the terms set forth herein. As soon as practicable after execution of this Settlement, Settlement Class Counsel shall, with the assistance and cooperation of the Defendants and their counsel, take all necessary steps to secure the Court's final approval of this Settlement.

94.      If 10% or more of the potential Settlement Class Members opt out of the Settlement, Defendants shall have the option of declaring this Agreement null and void. If Defendants declare this Agreement null and void after 10% or more of the Settlement Class Members opt out

of this Agreement, Defendants will be under no obligation to pay any payment under this Agreement and nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the litigation. Furthermore, the Parties will not have waived, and expressly reserve, their respective rights with regard to the prosecution and defense of the Litigation, as if this Agreement never existed.

95. Should the Court not approve the Agreement, or should the Court not approve and enter the Preliminary Approval Order (or an order in a form without any changes by the Court that any of the Parties deem material), the terms of this Agreement will be null and void, the Parties will retain all rights and defenses in the Lawsuit, and all negotiations and information and materials pertaining in any way to this Agreement or the settlement of the Lawsuit will be inadmissible. In such an event, the Parties agree in good faith to negotiate about appropriate revisions and re-submit for the Court's approval. In the event this settlement is never approved by the Court, the Parties will retain all rights and defenses in the Lawsuit, and all negotiations and information and materials pertaining in any way to the settlement of the Litigation will be inadmissible. Any failure by the Court to award the amount of attorneys' fees and costs requested by Settlement Class Counsel shall not constitute a basis to invalidate this Agreement. Nothing in this Paragraph shall preclude Plaintiffs from appealing the allocation of Settlement Class Counsel's fees, costs and/or General Release and Service Payments should the sum awarded by the Court fall below that requested.

## SECTION XVIII

## DATA REASONABLY ACCURATE

96. The computation of Settlement Payments to Claimants is based on time and wage data supplied by Defendant Staffing Network. Defendant Staffing Network represents that, to the best of its knowledge and belief, all data supplied reflects the data that is actually recorded in

Defendant Staffing Network's payroll systems, and Defendant Staffing Network further understands that this representation is a material term of this Agreement.

## SECTION XIX

## SECTION XX

## CONFIDENTIALITY

97.    Settlement Class Counsel specifically agree that they will not publicize, post on their website, or otherwise disclose, issue, or cause others to issue a press release (including online, web or internet postings, blogs, or any other form of public media) or other information relating to the Settlement of this litigation.

98.    Nothing in this Section shall limit the Parties in their discussions regarding the Settlement Agreement with any of the following: one another; the Court; Settlement Class Counsel; or their attorneys, tax consultants, and spouses.

## SECTION XXI

## FAIR, ADEQUATE, AND REASONABLE SETTLEMENT

99.    The Parties agree that the Settlement Agreement is fair, adequate, and reasonable, and will so represent to the Court.

## SECTION XXII

## NO PRIOR ASSIGNMENTS

100.    The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or

entity any portion of any liability, claim, demand, action, cause of action or rights released and

discharged in this Settlement.

## SECTION XXIII

## COMMUNICATIONS

101.   Unless otherwise specifically provided, all notices, demands or other communications given under this Settlement shall be in writing and shall be deemed received on the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

    1.   **To Settlement Class Counsel:** Christopher Williams, Workers' Law Office, PC, 401 S. LaSalle, Suite 1400, Chicago, IL 60604; Telephone: (312) 795-9121; Facsimile: (312) 929-2207; E-mail: cwilliams@wagetheftlaw.com.

    2.   **To Counsel for Defendant Staffing Network:** Gerald L. Maatman, Jr. Seyfarth Shaw, LLP, 131 South Dearborn Street, Suite 2400, Chicago, IL 60603; Telephone: (312) 460-5000; Facsimile: (312) 460-7000.

    3.   **To Counsel for Philips**:  Michael Phillips, McGuireWoods LLP, 77 West Wacker Drive, Suite 4100, Chicago , IL 60601; Telephone:  (312) 862-2000.

    4.   **To Counsel for Pontoon:**  William Wortel, Bryan Cave LLP, 161 N. Clark Street, Suite 4300, Chicago , IL 60601; Telephone:  (312) 602-5105.

## SECTION XXIV

## CONSTRUCTION

102.   The Parties agree that the terms and conditions of this Settlement are the result of

lengthy, intensive arm's-length negotiations between the Parties. The Settlement shall be

construed against Plaintiff.

## SECTION XXV

## CAPTIONS AND INTERPRETATIONS

103.    Paragraph titles or captions contained in this Settlement are inserted as a matter of

convenience and for reference, and in no way define, limit, extend, or describe the scope of this

Settlement or any of its provisions.

## SECTION XXVI

## MODIFICATION

104.     This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court.  This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties and approved by the Court.

## SECTION XXVII

## INTEGRATION CLAUSE

105.     This Settlement Agreement contains the entire agreement between the Parties relating to the settlement of the Lawsuit, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Settlement.  No rights under this Settlement may be waived except in writing.  Notwithstanding the foregoing or anything to the contrary herein, Defendants have memorialized their agreement concerning the indemnification-related disputes between and among them in a separate agreement.

## SECTION XXVIII

## BINDING ON ASSIGNS

106.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, assigns, guardians, conservators, and court-appointed representatives.

## SECTION XXIX

## COUNTERPARTS

107.     This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original,

and, when taken together with other signed counterparts, shall constitute one Settlement Agreement.

## SECTION XXX

## APPLICABLE LAW

108.    This Settlement Agreement shall be governed by and construed in accordance with Illinois law.

## SECTION XXXI

## RETENTION OF JURISDICTION

109.    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Settlement Agreement.

**ATTORNEYS FOR PLAINTIFF:**

_____
CHRISTOPHER J. WILLIAMS
Workers' Law Office, PC
401 S. LaSalle, Suite 1400
Chicago, IL 60604
(312) 795-9121

**ATTORNEYS FOR DEFENDANTS:**

_____
GERALD L. MAATMAN, JR.
Seyfarth Shaw, LLP
131 South Dearborn Street
Suite 2400
Chicago, IL 60603
(312) 460-5000

**For Defendant Staffing Network Holding LLC**

_____

MICHAEL R. PHILLIPS
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago , IL 60601
(312) 862-2000

**For Defendant Philips Electronics North America Corporation**

_____

WILLIAM J. WORTEL
Bryan Cave LLP
161 N. Clark Street, Suite 4300
Chicago , IL 60601
(312) 602-5105

**For Defendant Pontoon Solutions Inc.**

**<u>EXHIBIT  A</u>**

*DELIVERED  FOR  IN  CAMERA  REVIEW*

## EXHIBIT B
### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION
### *Ramirez v. Staffing Network, et al.*
### Case No. 13 C 6501
## CLAIM AND RELEASE FORM

If your name or address is different from those shown below, print the corrections on the lines to the right.

Name/Address Changes (if any):

<<NAME>>
_____

<<ADDRESS>>
_____

<<CITY>>,<<ST>><<ZIP>>
_____

( \_\_\_ \_\_\_ \_\_\_ ) \_\_\_ \_\_\_ \_\_\_ - \_\_\_ \_\_\_ \_\_\_ \_\_\_          ( \_\_\_ \_\_\_ \_\_\_ ) \_\_\_ \_\_\_ \_\_\_ - \_\_\_ \_\_\_ \_\_\_ \_\_\_

Area Code  Daytime Telephone Number                    Area Code  Evening Telephone Number

If your name or address is different from those shown below, print the corrections on the lines to the right.

**YOU MUST COMPLETE THIS FORM IN ORDER TO BE ELIGIBLE FOR A MONETARY RECOVERY**
**INCOMPLETE AND/OR UNTIMELY CLAIM FORMS WILL BE REJECTED**
**YOU MUST SIGN AND MAIL THE CLAIM FORM IN THE SELF ADDRESSED POSTAGE PRE-PAID ENVELOPE**
**INCLUDED, OR MAIL IT TO THE ADDRESS BELOW NO LATER THAN INSERT DATE:**

I.      INSTRUCTIONS:
1.  You must <u>complete, sign and mail</u> this Claim Form in order to be eligible for a monetary recovery. Your Claim Form must be postmarked on or before the date above, or it will be rejected.
2.  You must identify whether you regularly used transportation provided by Staffing Network to get to work at Philips Norelco's facility located in Roselle, Illinois or whether you regularly used your own means of transportation to get to work at Philips Norelco's facility in Roselle, Illinois.
3.  After you submit your claim, you may be contacted with a request for any additional information.
4.  If you move, please send the Claims Administrator your new address. It is your responsibility to keep a current address on file with the Claims Administrator.

II.     IDENTIFY RELEVANT TRANSPORTATION INFORMATION
Choose the option that more accurately reflects how you got to work to the Philips Norelco facility located in Roselle, Illinois while you were employed through Staffing Network:
a)  I regularly used transportation provided by Staffing Network at the Hanover Park Branch Office to go from the Hanover Park Branch Office to Philips Norelco's facility in Roselle, Illinois; \_\_\_ or
b)  I regularly used my own means of transportation to get to work at Philips Norelco in Roselle, Illinois; \_\_\_

III.    WAIVER AND RELEASE:
By signing below, I hereby acknowledge that, upon the Court granting final approval of the Settlement, or in the event of an appeal of such order, the final appellate order upholding the Court's Order, I will have released and discharged Staffing Network Holding LLC ("Staffing Network"), Philips Electronics North America Corporation ("Philips"), and Pontoon Solutions, Inc., as well as their current and former principal officers, directors, employees, agents, parents, divisions, subsidiaries, partnerships, affiliates, predecessors, successors and all subsidiaries of Adecco Inc. ("Defendants"), on behalf of myself and my heirs, legatees, personal representatives and assigns, from all claims raised in the Lawsuit under the IMWL/IWPCA/FLSA/IDTLSA for uncompensated minimum wage and overtime pay and all notice and timekeeping violations arising under the IDTLSA, and for any liquidated damages, punitive damages, penalties of any nature, and attorneys' fees and costs arising under these claims for the period from September 11, 2003 through the preliminary approval date arising from Class Members' assignment to the Philips facility located in Roselle, Illinois. If you believe that you have not been paid for all of the hours you worked at the Philips plant through Staffing Network any time from September 11, 2003 to September 11, 2013, you will be releasing such a claim unless you opt out of this settlement. However, if you opt out, you will not be entitled to any of the recovery in this settlement.

X X X — X X — \_\_\_ \_\_\_ \_\_\_ \_\_\_

Social Security Number

x_____          Date Signed: _____

(Sign your name here)

| |
|---|
| **Note**: *YOUR IMMIGRATION STATUS WILL NOT* |

### EXHIBIT C [Abridged Notice]
## NOTICE OF CLASS ACTION SETTLEMENT

**UNITED STATES DISTRICT COURT**       *Ramirez et al. v. Staffing Network Holdings LLC, et al.*
**NORTHERN DISTRICT OF ILLINOIS**       c/o <mark>Claims Administrator</mark>.,
**EASTERN DIVISION**
**CASE NO. 13 C 6501**
*Una copia de la Notificación Completa está disponible en Español. Para obtenerla llame al 312-795-9120*

## WHY YOU ARE RECEIVING THIS NOTICE

A Lawsuit was filed against Staffing Network Holding LLC ("Staffing Network"), Philips North America Corporation, ("Philips"), and Pontoon Solutions Inc. ("Pontoon") (collectively "Defendants") on September 11, 2013 alleging that Defendants' compensation and record keeping practices violated the rights of Plaintiff and similarly situated employees. A settlement has been reached in this Lawsuit and Defendants have agreed to pay $250,000.00 to settle the claims raised. Records reflect that you are a member of the Class of workers affected by the alleged policies because you were employed by Defendant Staffing Network and you were assigned to work at Philips' located in Roselle, Illinois, between September 11, 2010 and September 11, 2013. As a result of an alleged failure by Defendants to pay for pre and post shift work, and to maintain proper time records and provide proper employment notices you may have suffered the following violations:

1. You may not have been paid federal and Illinois mandated minimum wages and overtime wages for all time worked;
2. You may not have been paid at the agreed upon rate for all time worked;
3. You may not have received a proper employment notice from Staffing Network when you were assigned to work at Philips;
4. Philips and Pontoon may not have provided you with a work verification form listing your hours worked on instances when you were assigned to work at Philips a single day; and
5. Philips and Pontoon may not have maintained and remitted to Staffing Network an accurate record of the hours that you worked for Staffing Network at Philips

**Accordingly, you are eligible to participate in the Settlement of this Lawsuit by completing the attached Claim Form and timely mailing it to the Settlement Claims Administrator. To receive your share of the Settlement Fund, you <u>must</u> complete and mail the attached Claim and Release Form not later than ,<mark>XXXXX</mark>.**

### Calculation of Settlement Payments

Claimants who self-identify as Settlement **Class Members who regularly took transportation provided by Staffing Network to Philips** will receive a prorated share of the settlement fund calculated as follows:

   i.  Individual Settlement Payment = (Total Shifts * 30 minutes * $8.25) + (Total Shifts * 15 minutes * $8.25)

Claimants who self-identify as Settlement **Class Members who regularly used alternative means of transportation to Philips** will receive a prorated share of the settlement fund calculated as follows::

   i.  Individual Settlement Payment = Total Shifts * 15 minutes * $8.25

The variable "Total Direct Shifts" will be calculated as follows for each Settlement Class member: total hours worked at Philips / 8.

In the event that the value of all claims filed by Settlement Class Members exceeds the settlement funds available to pay Settlement Class Members, your settlement payment will be adjusted on a pro-rata basis.

In the event that the value of all claims filed by Settlement Class Members does not exhaust the settlement funds available to pay Settlement Class Members, all remaining settlement funds will be redistributed amongst Settlement Class members on a pro-rata basis.

### Prospective Relief

Additionally, Pontoon and Philips will ensure that all day or temporary laborers covered by the Illinois Day and Temporary Labor Services Act, 820 ILCS 175, et seq, and assigned to work at a client company in Illinois at any point during the next three years will have electronic access to their hours worked each day and the location at which such hours were worked. In the event a day or temporary laborer does not have electronic access to such information, such day or temporary laborer will be provided a document containing such information upon request.

**You may also exclude yourself from the Settlement or object to the terms of the Settlement.** To exclude yourself you must submit the following written statement: "I request to be excluded from the settlement in *Ramirez v. Staffing Network, et al.,* Case No. 13-CV-6501. I affirm that I was a temporary employee of Staffing Network in Illinois at some point in time between September 11, 2010 through September 11, 2013. You must also include your name, address, telephone number, and must personally sign the statement. The statement must be, dated, and returned to the Claims Administrator and postmarked no later than **(Insert Date)**. If you exclude yourself, you cannot receive money from these

settlements. PLEASE REVIEW THE COMPLETE NOTICE PRIOR TO EXCLUDING YOURSELF FROM THE SETTLEMENT OR OBJECTING TO THE TERMS OF THE SETTLEMENT.

PLEASE NOTE: This is only a summary of the settlement terms. A Complete Notice that provides the details of this Lawsuit and settlement is available. To obtain a copy of the Complete Notice, or a Notice in Spanish contact the Claims Administrator at (312) 795-9120.

-----------------------------------------------------

EXHIBIT D
## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ROSA RAMIREZ, on behalf of herself and all other ) 
persons similarly situated, known and unknown,    )
                                                        )
                    Plaintiff,                )
                                                        )    Case No. 13 C 6501
      v.                                  )
                                                        )    Judge Lee
STAFFING NETWORK HOLDINGS, LLC d/b/a )
STAFFING NETWORK and PHILIPS            )    Magistrate Judge Valdez
ELECTRONICS NORTH AMERICA          )
CORPORATION, and PONTOON SOLUTIONS, )
INC.                                           )

## NOTICE OF PENDENCY OF CLASS ACTION AND COLLECTIVE ACTION, PROPOSED SETTLEMENT AND FAIRNESS HEARING

**TO:**    All hourly laborers who were employed by Staffing Network in Illinois as temporary employees and who were assigned to work at the Philips Electronics facility located in Roselle, Illinois between September 11, 2010 and September 11, 2013

> **Please Read This Notice Carefully. This Notice Relates to a Proposed Class Action Settlement of Litigation. If You Are a Class Member, It Contains Important Information as to Your Rights.**

**What is this Notice about?**

      This Notice is to tell you about the Settlement of a lawsuit that was filed against Staffing Network Holding, LLC., Philips Electronics North America Corporation, and Pontoon Solutions, Inc., (hereafter "Defendants") and to tell you about a "Fairness Hearing" before Judge John Zee Lee on _____, 2014 at _____ __.m. in Courtroom 1903 of the United States District Courthouse, located at 219 South Dearborn Avenue, Chicago, Illinois 60604, to determine whether the proposed settlement described in the Class Action Settlement Agreement (the "Settlement") fairly resolves the claims against Defendants as explained below.

This Notice **is not** a notice of a lawsuit <u>against</u> you. A Federal Court has authorized this Notice.

**What is the Litigation about?**

On September 11, 2013, a class action lawsuit was filed in the U.S. District Court for the Northern District of Illinois. The case is currently titled *Ramirez, et al. v. Staffing Network Holdings LLC et al., Case No.* 13 C 6501.

Plaintiff's Complaint asserts eighteen claims, or Counts, against Defendants in the Litigation. Counts I and II of the Complaint assert collective action claims for violations of the Fair Labor Standards Act ("FLSA") based on the Defendants' alleged failure to pay federally-mandated minimum and overtime wages. Counts III and VI of the Complaint assert class-wide violations of the Illinois Minimum Wage Law ("IMWL") based on Defendant Staffing Network's alleged failure to pay Illinois-mandated minimum wages and overtime wages. Count IX of the Complaint asserts class-wide violations of the Illinois Wage Payment and Collection Act ("IWPCA") based on Defendant Staffing Network's alleged failure to pay wages for all the time worked at the rate agreed to by the parties to a class of employees.

Counts IV, V, VII, VIII, X and XI of the Complaint assert third party client liability against Philips and Pontoon under the Illinois Day and Temporary Labor Services Act ("IDTLSA") for Staffing Network's failure to pay minimum wages for all time worked, overtime wages for all time worked in excess of forty per week, and wages at the rate agreed to by the Parties for all time worked, respectively.

Count XII of the Complaint asserts class-wide violations of the IDTLSA, based on Defendant Staffing Network's alleged failure to provide employees with proper Employment Notices as required by the IDTLSA. Counts XIII and XIV of the Complaint asserts class-wide violations of the IDTLSA for Defendant Philips' and Pontoon's, respectively, alleged failure to provide Staffing Network employees with a work verification form on instances when Staffing Network employees were assigned to work a single day. Counts XV and XVI asserts class-wide violations of the IDTLSA for Defendant Philips' and Pontoon's, respectively, alleged failure to maintain and remit an accurate record of hours worked by Plaintiff and allegedly similarly situated employees to Staffing Network.

Counts XVII and XVIII assert individual claims for retaliation against Defendants.

**Why did I get this Notice?**

You received this Notice because the lawyers for the Plaintiff and Defendants identified you as a person in the Settlement Class, defined as:

All hourly laborers who were employed by Staffing Network in Illinois as temporary employees who were assigned to work at the Philips Electronics facility located in Roselle, Illinois between September 11, 2010 and September 11, 2013

If you received this Notice, you are eligible to participate in the Settlement and may be eligible for compensation as described below.

**What is the "Settlement" and how was it agreed upon?**

The Settlement is a compromise of Plaintiff's claims in the Litigation and is not to be construed as an admission of liability on the part of Defendants. The Court has granted preliminary approval of the Settlement, and the Plaintiff and Defendants are now seeking final Court approval, which is required for the Settlement to become effective. The Settlement includes a procedure for eligible persons to receive their share of the Class Settlement Amount. Plaintiff believes that the claims asserted in the Litigation have merit. Defendants do not believe that the claims asserted in the Litigation have merit. There has been no determination by any court, administrative agency, or other tribunal as to the truth or validity of the factual allegations made against Defendants in this Litigation.

Substantial amounts of time, energy, and other resources have been devoted by the Parties in prosecuting and in defending the Litigation. Unless there is a settlement, that Litigation will continue. In settlement negotiations, the Parties have taken into account the uncertainty of the outcome and the risk of litigation. In light of these factors, the Parties believe that the Settlement is the best way to resolve the Litigation while minimizing further expenditures.

The Parties and their attorneys believe that the Settlement is fair, reasonable, and adequate, and in the best interests of all Parties, including the Settlement Class.

**What are the terms of the Settlement?**

Defendants have agreed to pay a Settlement Amount of $250,000.00 to resolve all claims in this Lawsuit as described in the Settlement Agreement. Each Claimant shall be allocated a proportionate share of the Settlement Amount after the Settlement Fund has been reduced by: (1) $12,000.00 for court-approved payment to the Plaintiff for executing a full release of all of her claims, including retaliation, as to Defendants; (2) $2,000.00 for a service award for Plaintiff; (3) $83,333.33 as payment for court approved attorneys' fees and reasonable costs, and (4) the costs of administering the Settlement up through final approval of the Settlement. The Settlement Amount as reduced by the foregoing amounts is referred to in this Notice as the "Class Settlement Amount." Every Settlement Class Member, including Plaintiff, who timely files a claim form will be allocated a *pro rata* share of the Class Settlement Amount.

**What am I entitled to recover under the Settlement?**

If the settlement is approved by the Court, the settlement funds will be distributed in proportion to the relative amount of damages that each Settlement Class Member may have recovered if Plaintiff had continued, and ultimately prevailed in, the litigation.

Every Claimant, including Plaintiff, will be allocated a *pro rata* share of the Class Settlement Amount, which was calculated as follows:

a.   For Claimants who self-identify as Settlement Class Members who regularly took transportation provided by Staffing Network to Philips:

i.   Individual Settlement Payment = (Total Shifts * 30 minutes * $8.25) + (Total Shifts * 15 minutes * $8.25)

    b.      For Claimants who self-identify as Settlement Class Members who regularly used alternative means of transportation to Philips:

        i.    Individual Settlement Payment = Total Shifts * 15 minutes * $8.25

    c.      The variable "Total Shifts" will be calculated as follows for each Claimant

        i.    Total Shifts = total hours worked at Philips / 8

    d.      In no event shall Defendants be required to pay more than the amount attributed to the Settlement Amount. If the aggregate of the Individual Settlement Payments paid to all Claimants plus the applicable employment payroll taxes and insurance amounts is above the amount attributed to the Class Settlement Fund, then all claims will be reduced by an appropriate percentage to bring the aggregate down to the amount attributed to the Class Settlement Fund. Each Claimant's individual Settlement Payment shall be ratably reduced as follows:

        i.    Adjusted Settlement Payment = (Individual Settlement Payment / Sum Individual Settlement Payments) * Class Settlement Fund.

    e.      In the event that a remainder of the Class Settlement Fund exists after the Claims Administrator calculates all Settlement Payments, such funds shall be distributed to all Claimants on a pro rata basis. Each Claimant's individual Settlement Payment shall be ratably increased as follows

        i.    Adjusted Settlement Payment = Individual Settlement Payment + [(Individual Settlement / Sum Individual Settlement Payments) * Remainder.]

f.      The parties agree that 50% of Settlement Class Members' Settlement Payments the payments from the Wages Settlement Class Fund will be considered wages and will be reported as such on an IRS Form W-2 and that the remainder of the payments from that fund will be considered penalties and interest. Appropriate withholding of federal, state, and local income taxes, and the Plaintiff's share of Federal Insurance Contributions Act (FICA) taxes shall be deducted from the respective Settlement Payments and reported in the above referenced W-2 Form.

## How do I receive a Settlement Award?

To receive a part of the Class Settlement Amount, you must complete and sign the Claim Form without alteration or amendment and return it to the Class Counsel on or before [Filing Deadline]. *If you do not timely complete and return a signed and completed Claim Form, you will not receive a Settlement Payment.*

## What Practices will Defendants Implement to Help Prevent any Future Alleged Violations?

Defendant Philips has agreed to the following actions:

Within thirty (30) days of the Court's final approval of this Settlement Agreement, Defendant Philips will ensure that all day or temporary laborers have electronic access to the information required to be included in the "Work Verification Form," as that term is defined by the IDTLSA. However, if the day or temporary laborers enter their own time, they will be responsible for doing so prior to electronically accessing this information (because their input of their time is the timekeeping protocol for such employees for payroll purposes). In the event a day or temporary laborer does not have electronic access to the information required to be included in the Work Verification Form, such day or temporary laborer will be provided a document containing such information upon request.

Defendant Pontoon has agreed to the take following actions:

Within thirty (30) days of the Court's final approval of this Settlement Agreement, Defendant Pontoon will ensure that all day or temporary laborers have electronic access to the information required to be included in the "Work Verification Form," as that term is defined by the IDTLSA. However, if the day or temporary laborers enter their own time, they will be responsible for doing so prior to electronically accessing this information (because their input of their time is the timekeeping protocol for such employees for payroll purposes). In the event a day or temporary laborer does not have electronic access to the information required to be included in the Work Verification Form, such day or temporary laborer will be provided a document containing such information upon request.

**Am I required to participate in the Settlement?**

No, you may do nothing and you will remain a member of the class and bound by the Class Settlement but you will not receive a check.

You also have the right to exclude yourself from the lawsuit and "opt-out" of the Settlement if you comply with the opt-out procedure stated below. If you exclude yourself, you will not receive any monies from the settlement.

To effectively opt-out, you must mail to the Claims Administrator a written statement: "I request to be excluded from the settlement in *Ramirez v. Staffing Network, et al.,* Case No. 13-CV-6501. I affirm that I was a temporary employee of Staffing Network in Illinois at some point in time between September 11, 2010 through September 11, 2013. You must also include your name, address, telephone number, and must personally sign the statement. The statement must be, dated, and returned to the Claims Administrator and postmarked no later than (**Insert Date**).**If you opt-out of the Settlement you will not recover any money as part of this Settlement.** You may, however, pursue other legal remedies apart from the Settlement that may be available to you. Neither the Parties nor their attorneys make any representations to you regarding what, if any, legal remedies are available to you should you choose to opt-out. **YOU SHOULD NOT OPT-OUT IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT.**

You must mail copies of the "opt-out" statement to the Claims Administrator with copy for Class Counsel <u>and</u> Defendants' Counsel at the addresses listed below.

| | |
|---|---|
| **Claims Administrator** | **Counsel for Defendant Staffing Network** |
| **Address** | |
| | Rebecca DeGroff |
| | Gerald L. Maatman |
| **Class Counsel** | Seyfarth Shaw LLP |
| | 131 S. Dearborn Street, Suite 2400 |
| Christopher J. Williams | Chicago, Illinois 60603-5577 |
| Alvar Ayala | (312) 460-5000 |
| Workers' Law Office, PC | |
| 401 S. LaSalle St., Suite 1400 | **Counsel for Defendant Philips** |
| Chicago, IL 60605 | **Electronics North America Corporation** |
| | |
| | Michael R. Philips |
| | Timothy M. Hoppe |
| | McGuireWoods LLP |
| | 77 West Wacker Drive, Suite 4100 |
| | Chicago , IL 60601 |
| | (312) 862-2000 |
| | |
| | **For Defendant Pontoon Solutions, Inc.** |
| | William J. Wortel |
| | Bryan Cave LLP |
| | 161 N. Clark Street, Suite 4300 |
| | Chicago , IL 60601 |
| | (312) 602-5105 |

**What is the Fairness Hearing and do I need to attend?**

The purpose of the Fairness Hearing in this case is to determine whether the proposed Settlement of the Litigation is fair, reasonable, and adequate, and whether the proposed Settlement should be finally approved by the Court and the Litigation dismissed. **Any Settlement Class Member who is satisfied with the proposed Settlement does not have to appear at the Fairness Hearing.**

Any person who has not validly and timely opted-out of the Settlement but who objects to the proposed Settlement may appear in person or through counsel at the Fairness Hearing and be heard as to why the Settlement should not be approved as fair, reasonable, and adequate, or why a final judgment should or should not be entered dismissing the Litigation with prejudice. No attorneys' fees will be paid by Defendants to an objector's counsel for any work related to an objection to this Settlement. If you choose to object to the settlement, you must on or before [Filing Deadline], mail your written objection to the Claims Administrator with copies to Class Counsel and Defendants' counsel. The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection. Your written objection must also include (a) your full name, address, and, telephone number, (b) dates of your employment with Defendants and job title(s) while employed with Defendants; (c) last four digits of your employee identification number, (d) copies of papers, briefs, or other documents upon which the

objection is based, (e) a list of all persons who will be called to testify in support of your objection, and (f) your signature, even if you are represented by counsel. Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

If you file an objection and wish it to be considered, you must also appear at hearing on [INSERT DATE], at [INSERT TIME], at the federal courthouse at 219 South Dearborn Street in Chicago, Illinois, Courtroom 1225, at which time the presiding judge in this case (Hon. Judge Lee) will consider whether to grant final approval of this settlement. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT. Please note that it is not sufficient to simply state that you object. You must state reasons why you believe the settlement should not be approved.

**When is the Court hearing to determine if the Settlement is fair?**

The Fairness Hearing will be held before the Honorable Judge John Z Lee on _____, 2014 at _____ _.m. in Courtroom 1225 of the United States District Courthouse located at 219 South Dearborn Avenue, Chicago, Illinois 60604. The Fairness Hearing may be adjourned from time to time as the Court may direct, without further notification.

If you are a member of the Settlement Class, you will be bound by the proposed Settlement if it is approved, unless you opt-out by making a timely opt-out request as described above.

**What rights am I giving up if I participate in the Settlement?**

Persons who do not opt out of the Settlement will release and discharge, on behalf of themselves and their heirs, legatees, personal representatives and assigns, Staffing Network Holding LLC, Philips Electronics North America Corporation, and Pontoon Solutions, Inc., as well as their former and present officers, directors, agents, employees, attorneys, insurers, benefit plans, predecessors, successors, parents, subsidiaries, and all subsidiaries of Adecco, Inc, from all claims raised in the Lawsuit under the IMWL/IWPCA/FLSA/IDTLSA for uncompensated minimum wage and overtime pay and all notice and timekeeping violations arising under the IDTLSA, and for any liquidated damages, punitive damages, penalties of any nature, and attorneys' fees and costs arising under these claims. This release shall become effective on the Effective Date.

Each Settlement Class Member who has not submitted a valid Request for Exclusion forever agrees that he or she shall not institute any action seeking, nor accept, any relief arising under the released claims referenced above against Released Parties, for any period through the Preliminary Approval Date. This release shall become effective at such time as Defendants have complied with all of their obligations pursuant to the Settlement Agreement.

If you believe that you have not been paid for all of the hours you worked at the Philips plant through Staffing Network any time from September 11, 2003 through September 11, 2013, you will be releasing such a claim unless you opt out of this settlement. However, if you opt out, you will not be entitled to any of the recovery in this settlement.

18981792v.1

**How are the lawyers for the Settlement Class Paid?**

Subject to Court approval, Class Counsel will receive $83,333.33 of the Settlement Amount, for all past and future attorneys' fees and reasonable costs incurred or that will be incurred in this Litigation through final approval of the Settlement as set forth in the Stipulation of Settlement.

**What if the court does not approve the Settlement?**

If the Court does not approve the settlement, the case will proceed as if no settlement has been attempted, and there can be no assurance that the class will recover more than is provided for in the Settlement, or indeed, anything.

**Can I review a copy of the Settlement Agreement or other papers that were filed with the Court?**

Yes, for a detailed statement of the matters involved in the Litigation and the proposed Settlement, you may review the pleadings and other papers filed in the Litigation, which may be inspected at the Office of the Clerk of the United States District Court, 219 S. Dearborn St., Chicago, Illinois, 60604, during regular business hours of each court day. In addition, you may also contact Class Counsel to review copies of the settlement papers filed with the Court. All inquiries by Settlement Class Members about the Settlement should be directed to Settlement Class Counsel, or Defendants' Counsel.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES ABOUT THIS SETTLEMENT.**

Dated: _____    BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

> **Note**: *YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR ELIGIBILITY FOR A MONETARY RECOVERY.*

**EXHIBIT  E**
**PLAINTIFF'S  GENERAL RELEASE**

Rosa Ramirez, and her heirs, executors, administrators, successors, and assigns ("Plaintiff"), in connection with and as part of the settlement of the matter entitled *Ramirez et al. v. Staffing Network Holding LLC et al.*, Case No. 13 C 6501, pending in the United States District Court for the Northern District of Illinois (the "Class Action"), agree that:

1.     <u>Consideration</u>. This General Release is provided in consideration for the payments to Plaintiff specified in the Settlement Agreement approved by the Court and executed by the Parties in connection with the Class Action. Should Plaintiff fail to sign this General Release, or should she revoke the General Release, then Plaintiff shall have no right to receive any payments under the Settlement Agreement.

2.     <u>No Consideration Absent Execution of this General Release</u>. Plaintiff understands and agrees that Plaintiff would not receive the monies and/or benefits specified in paragraph 1 above, except for Plaintiff's execution of this General Release, the fulfillment of the promises contained herein, and the absence of any effective revocation of same.

3.     <u>Revocation.</u> This Release and Waiver of Claims shall be revoked if the Settlement Agreement is not finally approved.

4.     <u>General Release of All Claims</u>. Plaintiff, on behalf of herself and her heirs, legatees, personal representatives and assigns, hereby release and discharge the Released Parties (as such term is defined in the Settlement Agreement) from any actions, claims, charges, demands, liabilities, obligations, fees, debts, dues, interest, liquidated damages, penalties, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, judgments, or suits of any kind, whether known or unknown, which Plaintiff had, had had or may have arising from their employment with Defendants, regarding any acts or omissions that have occurred from the beginning of time through the Effective Date of the Settlement Agreement. Without limiting the generality of the foregoing, this release includes but is not limited to: (i) any claims or allegations asserting discriminatory termination, harassment, or retaliation; (ii) all claims under the FLSA, 29 U.S.C. § 201, *et seq.*, the IMWL, 820 ILCS 105/1, *et seq.*, the IWPCA, 820 ILCS 115/1, *et seq.,* Title VII, 42 U.S.C. §§ 2000e *et seq.*, Section 1981, the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.,* the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Employee Retirement Income Security Act of 1973 as amended, 29 U.S.C. §§ 1001, *et seq.*, the National Labor Relations Act as amended, 29 U.S.C. §§ 151, *et seq.*, the Occupational Safety and Health Act of 1970 as amended, 29 U.S.C. §§ 651 *et seq.*, and the Illinois Human Rights Act, as amended, 775 ILCS §§ 5/1, *et seq.*; (iii) any other federal, state, county or local statute, ordinance, regulation or order concerning the rights of employees; and (iv) all employment-related claims under the common law of any state, whether in tort, contract or otherwise. This Release does not apply to claims that may arise against Released Parties after the date of execution of this agreement. This Release may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to any of the Released Claims.  Defendants affirmatively reserve all rights, claims and defenses which

may be raised in any subsequent proceeding, including, but not limited to, *res judicata* and claim preclusion.

      6.    <u>Acknowledgments and Affirmations</u>. Plaintiff affirms that Plaintiff has not filed, caused to be filed, or presently is a party to any claim against Defendants, as well as their current and former directors, officers, and agents , employees, attorneys, predecessors, successors, subsidiaries, and affiliated entities.

      7.    <u>Governing Law and Interpretation</u>. This General Release shall be governed and conformed in accordance with the laws of the State of Illinois without regard to its conflict of laws provision. Should any provision of this General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision will be null and void, leaving the remainder of this General Release in full force and effect.

      8.    <u>Non-admission of Wrongdoing</u>. The Parties agree that neither this General Release nor the furnishing of the consideration for this General Release shall be deemed or construed at any time for any purpose as an admission by Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

      9.    <u>Amendment</u>. This General Release may not be modified, altered or changed except in writing and signed by representatives of both Plaintiff and Defendants wherein specific reference is made to this General Release.

**PLAINTIFF IS ADVISED THAT PLAINTIFF HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS GENERAL RELEASE. PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO PLAINTIFF'S SIGNING OF THIS GENERAL RELEASE AND ACKNOWLEDGE THAT SHE HAS DONE SO.**

**PLAINTIFF MAY REVOKE THIS GENERAL RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY PLAINTIFF SIGNS THIS GENERAL RELEASE. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO GERALD MAATMAN OR OTHER COUNSEL FOR DEFENDANT STAFFING NETWORK HOLDING, LLC, AND TO MICHAEL R. PHILIPS OR OTHER COUNSEL FOR DEFENDANT PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, AND TO WILLIAM J. WORTEL OR OTHER COUNSEL FOR DEFENDANT PONTOON SOLUTIONS, INC., AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF THE GENERAL RELEASE." THE REVOCATION MUST BE PERSONALLY DELIVERED TO THE ABOVE REFERENCED ATTORNEYS OR THEIR DESIGNEE, AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER PLAINTIFF SIGNS THIS GENERAL RELEASE.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS GENERAL RELEASE, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

I declare under penalty of perjury that the foregoing is true and correct.


_____

     ROSA RAMIREZ


Date:_____

**EXHIBIT G**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROSA RAMIREZ, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 13 C 6501 |
| v. | ) ) | Judge Lee |
| STAFFING NETWORK HOLDINGS, LLC d/b/a STAFFING NETWORK and PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, and PONTOON SOLUTIONS, INC. | ) ) ) ) ) ) | Magistrate Judge Valdez |

**ORDER GRANTING PRELIMINARY APPROVAL**

Rosa Ramirez ("Plaintiff"), on behalf of herself and other similarly situated persons (the "Class") and Defendants Staffing Network Holdings LLC, Philips Electronics North America Corporation, and Pontoon Solutions, Inc. (as well as their former and current directors, officers, and agents, not otherwise individually named as Defendants, employees, attorneys, predecessors, successors, and subsidiaries) (collectively, "Defendants") have jointly moved for preliminary approval of a proposed class action settlement. After reviewing the Parties' proposed Settlement Agreement, together with the proposed Settlement Class Notice, Claim Form and other attachments thereto, as well as the Parties' Unopposed Motion for Preliminary Approval and supporting documents, and after hearing arguments of counsel for the Parties, the Court finds and orders as follows:

1.    The Court finds on a preliminary basis that the settlement ("Settlement") memorialized in the "Class Action Settlement Agreement" ("Agreement") is fair, reasonable and adequate.    The Settlement is the result of arm's-length negotiations between experienced

attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2.      The Court has considered the pleadings and arguments made by the Parties in support of the motion for preliminary approval and finds that the proposed Settlement Class is proper and should be provisionally certified. The following Settlement Class is hereby provisionally certified for purposes of settlement only pursuant to Federal Rule of Civil Procedure 23 as follows:  "All hourly laborers who were employed by Staffing Network in Illinois as temporary employees who were assigned to work at the Philips Electronics facility located in Roselle, Illinois between September 11, 2010 and September 11, 2013."  Solely for the purposes of settlement, the Court finds that: (1) the Settlement Class is so numerous that joinder is impracticable; (2) questions of law and fact are common to the Settlement Class; (3) the claims of the Class Representative are typical of the claims of the Settlement Class; and (4) the Class Representative will fairly and adequately protect the interests of the Settlement Class.  Further, for purposes of settlement only, the Court finds that the proposed Settlement Class meets the predominance and superiority requirements of Federal Rules of Civil Procedure 23(b)(3). Certification of the Class for settlement purposes is the best means of protecting the interests of all of the Settlement Class Members.

3.      Solely for the purposes of the proposed Settlement, the Court preliminarily approves Christopher J. Williams and Alvar Ayala of Workers' Law Office, P.C. as Class Counsel.   The Court also hereby preliminarily approves the Plaintiff as the Class Representatives.

4.      The Court appoints Settlement Service Inc., as the Claims Administrator.

5.    The Court approves, as to form and content, the proposed Class Notice attached to the Agreement.  The Court finds that the procedures for notifying the Class about the Settlement as described in the Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process.

6.    A hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on _____, at _____ a.m., in Courtroom 1225 of the U.S. District Court, 219 S. Dearborn, Chicago, Illinois.  At the hearing, the Court will hear arguments concerning whether the proposed Settlement of the Lawsuit on the terms and conditions provided for in the Agreement is fair, reasonable and adequate and should be approved by the Court.

7.    No later than INSERT DATE or seven (7) calendar days after the Court enters the Final Approval Order, Defendants shall deposit the Settlement Amount of Two Hundred and Fifty Thousand Dollars ($250,000.00) into the Settlement Account.  Defendants shall be joint and severally liable and responsible for the Settlement Amount of $250,000.00, and for depositing the Settlement Amount into the Settlement Account.  No other funds shall be added to or comingled with the Settlement Account.   In no event shall the Claims Administrator withdraw, transfer, pledge, impair or otherwise make use of the funds in the Settlement Account except as expressly provided in the Agreement.

8.    With respect to the Settlement Account, the Claims Administrator shall comply with all of the duties and requirements set forth in the Agreement and applicable federal, state, and local law.

9.      The Settlement Account, including all interest or other income generated therein, shall be in *custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any third party, including any Settlement Class Member.

10.      The following schedule shall govern the issuance of notice:

a.   By _____, 2014, Claims Administrator shall mail notice of the proposed settlement and a claim form to Settlement Class Members (first mailing);

b.   If any of the notices to Settlement Class Members are returned as undeliverable and a forwarding address is provided by the U.S. Postal Service then within 30 days after the first mailing, the Claims Administrator will promptly conduct a second mailing as provided in the Settlement Agreement;

c.   Settlement Class Members will have until 60 days after the date of the first mailing to return their claim forms or to opt out utilizing the procedure stated in the proposed class notice.

d.   No Settlement Class Member shall purport to exercise any exclusion rights of any other person, or purport to opt-out other Settlement Class Members as a group, aggregate, or class involving more than one Settlement Class Member, or as an agent or representative.  Any such purported opt-outs shall be void, and the Settlement Class Members that are the subject of the purported opt-out shall be treated as Settlement Class Members for all purposes.

e.  Within twenty-one (21) days of the Filing Deadline, the Parties will submit to the Court any necessary documents for the Court's consideration of Final Approval of the Settlement Agreement, including any Motions, final calculations of settlement payments to the Settlement Class Members, and responses to any objections and/or comments.

11.  Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Approval Order and Judgment, Plaintiff and all Settlement Class Members and anyone acting on behalf of any Settlement Class Member shall be barred and enjoined from: (a) further litigation in this case; or (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on an individual or class or collective action basis any action, claim or proceeding against Defendants or any Released Party in any forum in which any of the Released Claims are asserted, or which in any way would prevent any such claims from being extinguished.  Defendants may bring an unopposed motion under 28 U.S.C. § 1651(a) that enjoins Settlement Class Members from initiating any lawsuits in any court based on any claims released pursuant to this Settlement Agreement.

12.  All Settlement Class Members who fail to exercise their right to Opt-Out of the Settlement Class shall be bound by all determinations and judgments in the Lawsuit concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

13.  All Settlement Class Members who wish to receive settlement proceeds must complete and mail the Claim Form to the Claims Administrator no later than the Claim Deadline, as specified in the Agreement.  Any Settlement Class Member who does not submit a materially complete and timely Claim Form will not receive a Settlement Payment.

14.     All Settlement Class Members objecting to the terms of the Settlement must do so in writing no later than the Claim Deadline.  The written objection must be sent to the Claims Administrator and postmarked on or before this date.

15.     Any Settlement Class Member who wishes to be excluded (Opt-Out) from the Settlement Class and not participate in the proposed Settlement must complete and mail a Request for Exclusion to the Claims Administrator no later than the Claim Deadline, as specified in the Agreement.

16.     Any Settlement Class Member may appear at the Final Approval Hearing and show cause, if he or she has any, why the proposed Settlement of the Lawsuit should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon; provided, however, that no Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, unless that Settlement Class Member has, no later than the Claim Deadline, served by first class mail on the Claims Administrator written objections, and copies of any papers and briefs in support thereof, explaining the basis of the objection.  All timely filed and served objections shall be considered and ruled upon by the Court at the Final Approval Hearing.  Any Settlement Class Member who does not timely file and serve his or her objection in the manner provided in the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Agreement unless otherwise ordered by the Court.

17.     In the event that the Effective Date (as explained in the Agreement) does not occur, the Settlement and the Agreement shall be deemed null and void and shall have no effect whatsoever.

18.     The Parties are ordered to carry out the Settlement according to the terms of the Agreement.

19.     To the extent any prior order of this Court related to this Court action is inconsistent with the activities contemplated by the Agreement, said orders are hereby modified so as to allow the activities contemplated by the Agreement until such time as the Settlement is finally approved or deemed null and void.

IT IS SO ORDERED.

Dated this __ day of _____, 2015

_____

JUDGE JOHN Z. LEE
U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

18981792v.1