IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSA RAMIREZ, on behalf of herself and all other persons similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> STAFFING NETWORK HOLDINGS, LLC d/b/a STAFFING NETWORK and PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, and PONTOON SOLUTIONS, INC. | Case No. 13 C 6501 <br><br> Judge Lee <br><br> Magistrate Judge Valdez |

**ORDER OF FINAL APPROVAL OF SETTLEMENT BETWEEN
PLAINTIFF AND DEFENDANTS STAFFING NETWORK HOLDINGS, LLC, PHILIPS
ELECTRONICS NORTH AMERICA CORPORATION, AND PONTOON SOLUTIONS,
INC**

The Parties having appeared before the Court on July 24, 2015 for a Hearing on Final Approval in the above-captioned matter; the Court having reviewed the Plaintiff's Unopposed Motion for Final Approval of the Stipulation of Settlement Between Plaintiffs and Defendants Staffing Network Holdings LLC ("Staffing Network"), Philips Electronics North America Corporation ("Philips"), and Pontoon Solutions Inc., ("Pontoon") and other related materials submitted by the Parties, having heard the Parties' presentation at the Hearing on Final Approval; and otherwise being fully informed in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

1. A class was preliminarily certified, for settlement purposes only, by an Order dated March 10, 2015 ("Preliminary Approval Order", Docket Entry 132), defined as follows:

> All hourly laborers who were employed by Staffing Network in Illinois as temporary employees who were assigned to and performed work at the Philips Electronics facility located in Roselle, Illinois between September 11, 2010 and September 11, 2013.

2. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. Rule 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this action only. The Court finally certifies the Settlement Class for purposes of settlement of this action only.

3. The Notice of Pendency of Class Action and Collective Action Proposed Settlement and Fairness Hearing ("Class Notice") sent to the members of the Settlement Class ("Class Members") via First Class Mail adequately informed the Class Members of the terms of the Settlement, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement Class and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement. The Class Notice also adequately informed the Class Members of the telephone number of Class Counsel, Christopher J. Williams and Alvar Ayala of the Workers Law Office, P.C., to inquire about additional information regarding the case and settlement. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

4. The Court finds that Defendants have met all the notice requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715.

5. The Court hereby approves the proposed Settlement Agreement between Plaintiffs and Defendants Staffing Network, Philips and Pontoon, incorporated into this Order, and finds that the Settlement is fair, reasonable, and adequate to all Class Members, and negotiated at arms-length by experienced class action lawyers.

6. The Court finds that the strength of the Plaintiff's case on the merits, weighed against Defendants' defenses, and the complexity, length, and expense of further litigation,

support approval of the Settlement; the Settlement Amount of Two Hundred and Fifty Thousand and 00/100 Dollars ($250,000.00) to resolve the claims of the Named Plaintiff and the Class arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Illinois Minimum Wage Law 820 ILCS 105/1, *et seq.* ("IMWL") Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, and Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1, *et seq.* ("IDTLSA") less the costs of claims administration, authorized up to $28,000, attorneys' fees and costs in the amount of $75,000.00, and a $2,000.00 service award to the Named Plaintiffs and $12,000.00 payment to the Named Plaintiff in exchange for her execution of a general release and is a fair, reasonable and adequate settlement of the Class claims;

7. The Court finds the Settlement was reached pursuant to arms-length negotiations between the Parties, and the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, the probable course of future litigation, and that the stage of the proceedings thus warrants approval of the Settlement.

8. As identified by the Plaintiff's Unopposed Motion for Final Approval and supporting Memorandum of Law and the Declaration of Mark Patton, attached thereto, the Court finds that there were zero individuals who objected to the Settlement.

9. Class Counsel is awarded thirty percent (30.00%) of the Total Settlement Amount, (thirty-six percent of the Settlement Fund excluding the costs of claims administration and the general release and service award to the Named Plaintiff) or $75,000.00, for attorneys' fees and costs to be paid from the Qualified Settlement Fund.

10. In accordance with the Settlement Agreement, within seven (7) days of entry of this Order of Final Approval of the Settlement Agreement and submission of the executed

General Release to Defendants' counsel by the Named Plaintiff (or by July 31, 2015), the Settlement Administrator, Settlement Services, Inc. ("SSI"), shall mail to Workers' Law Office P.C. the general release and service award payments due to the Named Plaintiffs.

11. In accordance with the Settlement Agreement, within fourteen (14) days of entry of this Order of Final Approval of the Settlement Agreement (or by August 7, 2015), SSI shall mail a check to each Class Member who is deemed to have timely returned a Claim Form within the terms set forth in this Agreement in an amount representing the net Settlement payment per Class Member as described in the Parties' Settlement Agreement;

12. In accordance with the Settlement Agreement, within fourteen (14) days of entry of this Order of Final Approval (or by August 7, 2015), SSI shall issue to the Workers' Law Office P.C. a payment in the amount $75,000.00 for attorneys' fees, litigation expenses, and costs incurred in this case to be paid from the Qualified Settlement Fund.

13. This Court hereby dismisses all claims released in the Settlement Agreement with prejudice, and on the merits. All Parties are to bear their own fees and costs, except as otherwise provided in the Settlement Agreement.

14. By consent of the parties, and without affecting the finality of this Order, this Court hereby retains continuing jurisdiction over the implementation of this Settlement Agreement and any award or distribution of the Qualified Settlement Fund ("QSF").

15. The Court grants final approval of the Settlement and all of its terms as set forth within the Settlement Agreement, incorporated into this Order of Final Approval in its entirety by reference.

SO ORDERED this 29th day of July, 2015 in Chicago, Illinois

*[signature]*

JOHN Z. LEE
UNITED STATES JUDGE